## Yard et al., Administrators, *versus* Pancoast.

1. Where no exceptions were taken in the court below to the matters assigned for error, the Supreme Court will not review the judgment.

2. The court below, on the trial of a cause, directed the jury to find for the plaintiff, and reserved a point, "whether upon the evidence the plaintiff was entitled to recover," but no exception was taken by defendant to the form of the reservation, and judgment was afterwards entered on the verdict, to which no exception was taken. The defendant took a writ of error, and assigned as error the form of the reservation and the judgment:

   *Held,* that the Supreme Court could not, on such a record, review the correctness of the judgment.

January 20th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas, No. 1, of *Philadelphia county:* Of January Term, 1884, No. 351.

Assumpsit by Seth Pancoast against John Yard and others, administrators of William Baird, deceased, to recover back the sum of $125, paid by Pancoast to Baird as the consideration of a "call of 1,000 shares of Pennsylvania Railroad stock at 33½ within sixty days.

On the trial, before BIDDLE, J., the plaintiff called a witness who testified that two days after the illegal contract was made, Baird said he was going to "lay down" on his contract; that Baird told plaintiff that he would rescind the contract and give him back the money paid, to which plaintiff replied, "All right; I will take it." Baird died soon afterwards without having paid back the $125.

The defendants offered no evidence.

. The paper book of plaintiffs in error contained the following.

"VI.—CHARGE OF THE COURT AND POINTS.

"No points were submitted and no charge was delivered by the court except upon the close of the plaintiff's evidence (no evidence being offered by the defendants), the court instructed the jury to find a verdict for the plaintiff, and reserved the point: 'Whether, upon this evidence, the plaintiff was entitled to recover the $125 paid by him.'

"Afterwards the court entered judgment for the plaintiff on the point reserved.

"No opinion was delivered and no reasons given for so entering judgment. The 'point reserved' was not filed or made a matter of record."

The verdict was for the plaintiff for $163.75.

The only exception which appeared in the bill of exceptions was "to the aforesaid charge and opinion of the court."

The defendants took this writ of error, and filed the following assignments of error:

"1. The learned judge erred in reserving the point in the manner in which it was reserved—upon all the evidence.

"2. The court below erred in entering judgment for the plaintiff upon the point reserved.

"3. The court below erred in not entering judgment on the point reserved for the defendants, *non obstante veredicto.*"

*Aug. J. Ruderow* (*John Shallcross* and *Frank S. Simpson* with him), for the plaintiffs in error.

*P. F. Rothermel, Jr.,* for the defendant in error, was absent, but submitted a printed brief.

The opinion of the court was delivered February 2d, 1885.

PER CURIAM. No exception was taken to the court's instructing the jury to find for the plaintiff below nor to the form of the reservation. No error is assigned here to the binding instructions to the jury. Judgment was entered on the verdict in favor of the plaintiff below on the reserved question. As no exception was taken at the time of its entry, we cannot now review the correctness of the judgment: Northumberland County Bank *v.* Eyer, 10 P. F. S., 436; Merkel *v.* Berks County, 32 Id., 505.

Judgment affirmed.